IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAULINE M. SERRANO,

       Plaintiff,

v.                              No. CIV 03-728 MCA/LFG

WILSON TRUCKING COMPANY
and DAVID ARNOLD DANIELS,

       Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

### Introduction

THIS MATTER is before the Court[1] on Plaintiff Pauline M. Serrano's ("Ms. Serrano's") Motion to Remand Suit to New Mexico State Court [doc. no. 4], filed July 17, 2003. The motion was fully briefed as of August 25, 2003. [Doc. Nos. 8, 13, 14.] After careful consideration of the pleadings, attachments and pertinent law, the Court determines that this matter should be remanded to State Court. The Court's reasoning follows.

### Background

On March 6, 2003, Ms. Serrano filed a Complaint to Recover Damages for Personal Injury and Loss of Personal Property in the First Judicial District Court for the County of Rio Arriba in the State of New Mexico. [Doc. 1, Ex. A.] Her lawsuit pertains to an automobile accident that occurred

---

[1] All parties have consented to have the undersigned United States Magistrate Judge determine the issue of whether this case should be remanded in accordance with 28 U.S.C. § 636(c)(1).

1

on October 29, 2002, when she allegedly was rear-ended by Defendant David Arnold Daniels who was driving Defendant Wilson Trucking Company's semi-tractor trailer. [Id.] The complaint further alleges that Ms. Serrano suffered severe personal injuries, past and future loss of household services, excruciating pain and suffering of a permanent nature, impairment of function of a permanent nature, loss of enjoyment of life of a permanent nature, emotional trauma and past and future medical expenses. [Id. at ¶ 10.] Consistent with New Mexico state law,[2] Ms. Serrano did not specify an amount of damages in her Complaint. However, the Complaint does allege property damage in the amount of over $6,000. [Id. at ¶ 12.] The Complaint also requests punitive damages. On March 25, 2003, Ms. Serrano filed a First Amended Complaint, in which she added a claims for loss of income and impairment of earning capacity, after allegedly losing her job due to her injuries.

Defendants made no attempt to remove the case to federal court on the basis of the allegations contained in the Complaints. Instead, on June 18, 2003, after receiving certain discovery responses from Ms. Serrano, Defendants removed the case to federal court claiming that they "first ascertained" the removability of the case based on Ms. Serrano's May 20, 2003 discovery responses. [Doc. No. 1.] Defendants argue that the discovery responses demonstrate that the amount in controversy exceeds the required $75,000, and that this Court, therefore, has diversity jurisdiction under 28 U.S.C. § 1332(a).

---

[2] Unless it is a necessary allegation in the complaint, New Mexico law prohibits including an allegation for damages in a specific monetary amount. Rule 1-010B NMRA. Because the amount in controversy must be ascertainable by the allegations in the complaint, or if not dispositive, by those in the notice of removal, the State of New Mexico's procedural rule that prohibits a plaintiff from listing damage demands in the addendum clause fuels much controversy and difficulty on removal and remand proceedings. The New Mexico Supreme Court has been asked to reconsider its procedural rule so as to minimize this problem. *See* Hon. James A. Parker, Hon. Daniel A. Mckinnon and Ted Occhialino, *Certification and Removal: Practices and Procedures*, 31 N.M.L.Rev. 161 (Winter 2001).

Ms. Serrano opposes removal, although she now agrees that her claims may or will exceed the $75,000 amount in controversy requirement for diversity jurisdiction. Her position is that Defendants' removal of the case was untimely since they had sufficient information, both from the Complaints and Defendants' pre-Complaint investigation of the accident, to determine the removability of the case within the required thirty days after receipt of the initial pleading. Thus, because Defendants did not file their Notice of Removal within thirty days of the initial pleading in accordance with 28 U.S.C. § 1446(b), Ms. Serrano contends that the removal was untimely.

## Discussion

## Diversity Jurisdiction

### I. PERTINENT LAW

Federal removal jurisdiction is statutory in nature and must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). Federal courts have limited jurisdiction. Indeed, there is a presumption that cases lie outside a federal court's limited jurisdiction. Laughlin v. KMart Corp., 50 F.3d 871, 873 (10th Cir. 1995), *cert. denied*, 516 U.S. 863 (1995); Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998). Moreover, because of the presumption against removal jurisdiction, the burden is on the removing party to establish, by a preponderance of the evidence, that federal court jurisdiction exists. Laughlin, 50 F.3d at 873; Hanna v. Miller, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001). All doubtful cases must be resolved in favor of remand. Laughlin, 50 F.3d at 873; Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).

In order for a federal court to have original jurisdiction in a diversity case, the amount in controversy must exceed $75,000.[3] The removing Defendants "must show that the amount in controversy *more likely than not* exceeds $75,000." Hanna, 163 F. Supp. 2d at 1305 (internal citation omitted; emphasis in original). Typically, the amount in controversy is "determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal." Laughlin, 50 F.3d at 873. "Where neither document suffices, the court may also consider other relevant materials in the record." Hanna, 163 F. Supp. 2d at 1305. Thus, the context of the case may be considered, along with other material in the record at the time of removal. Id.

Here, where there is a state rule of procedure that directs a party not to include the amount of damages sought, "the court must examine the facts existing at the time of removal and determine whether those facts prove to 'a reasonable probability' – i.e., that it is more likely than not– that the jurisdictional amount was met." Id. at 1305-06.

> In making this determination, courts may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is *not* seeking damages in excess of the requisite amount.

Id. at 1306 (internal citations omitted; emphasis in original).

## II.   APPLICATION OF FACTS

Defendants' Notice of Removal refers briefly to Plaintiff's complaint and the general relief she seeks, including punitive damages, and then discusses the May 20, 2003 discovery responses in which

---

[3] The Court does not discuss other requirements for diversity jurisdiction because they are not in dispute with respect to this matter.

Plaintiff indicated "for the first time" that her medical bills exceeded $26,000. [Doc. No. 1, ¶ 7.] Defendants then state that "[g]iven that Plaintiff asserts that her claimed medical bills will amount to at least $26,000.00, it is foreseeable that the total amount of damages in this suit sought by Plaintiff will exceed $75,000." [Id.] Finally, Defendants assert that prior to receipt of this discovery response, Defendants could not have ascertained that the case was removable. Defendants supply no additional underlying facts or affidavit testimony to show that Plaintiff's claims exceed the jurisdictional amount.

Demonstrating damages in the amount of $32,000, which includes the $6,000 in alleged property damage, is far from a showing that the jurisdictional amount of $75,000 is "more probably than not" met in this case. Nonetheless, the Court may consider the substance and nature of the injuries, damages and claims as alleged by Plaintiff, and yet all of these allegations were known to Defendants upon service of the original and amended complaints in March 2003. While Defendants may not have known the exact cost of Plaintiff's medical bills in March 2003, they do not deny knowing that Ms. Serrano was hospitalized for some time period after the accident. The Court simply is not convinced that the disclosure of $26,000 in medical bills alerted Defendants *for the first time* that the claims in this case exceeded $75,000.

In so finding, the Court does not conclude that Defendants have a duty to investigate in order to translate injury claims into a specific figure when a plaintiff has not provided such a calculation. *See, e.g.,* Essenson v. Coale, 848 F. Supp. 987, 989 (M.D. Fla. 1994); Smith v. Bally's Holiday, 843 F. Supp. 1451, 1453 n. 5 (N.D. Ga. 1994). However, under the specific allegations of this case, Defendants knew as of March 2003 that Plaintiff was alleging she had been in a serious automobile accident where she had to be removed from her car by the "jaws of life" and that she suffered severe

personal injuries.[4]  Her complaints requested damages for permanent pain and suffering, permanent impairment of function, permanent loss of enjoyment of life and past and future medical expenses. She sought punitive damages for alleged negligence and recklessness of the semi-truck driver.

In Hanna v. Miller, the District Court of New Mexico denied the plaintiff's motion for remand, holding that diversity jurisdiction requirements were met, based on allegations in the complaints and pleadings. 163 F. Supp. 2d at 1306.  While that case involved deaths that resulted from an automobile accident, the Court  noted that the cross-complaint alleged "severe injuries" in the accident that lead to "permanent impairment."  Similar to this case, the accident in Hanna was serious, and there were claims for continuing pain and suffering, mental anguish, loss of enjoyment of life, recovery of lost wages, and punitive damages.  Id.  Those allegations, found in the complaints and pleadings, were sufficient for the Court to determine in Hanna that the jurisdictional minimum had been met.  "In sum, the [cross-claimants'] detailed prayers for relief in the cross-complaint-- coupled with the cross-defendants' good faith estimation that the damages requested would exceed $75,000 and considered in light of the severity of the accident – amply support an inference that the requisite jurisdictional amount has been established."  Id. at 1307.

Similarly, here, the Court determines that Plaintiff's detailed allegations in the complaint and consideration of the severity of the accident should have alerted Defendants to the removability of the case.  The Court cannot determine why it only became foreseeable to Defendants, for the first

---

[4]Prior to the filing of the complaint, Plaintiff wrote to Defendants' insurer regarding the severity of this accident, contending that the impact of the moved Ms. Serrano's vehicle more than 300 feet from the point of impact and that Ms. Serrano suffered a contusion to her brain, fractures to three cervical vertebrae, fracture of her right leg, dislocation of one rib and fractures to four other ribs, and a contusion to her lung.  [Doc. No. 4, ¶ 8, Ex. 5.]  The January 3, 2003 letter also informed Defendants that Ms. Serrano was hospitalized for approximately thirty days after the accident.  [Id.]

time, when they learned of the $26,000 in medical bills. Defendants provide no explanation for why medical bills in that amount suddenly tipped the scales to exceed $75,000, nor why such medical bills constituted their first evidence of the lawsuit's removability. Thus, the Court concludes that the removal notice was untimely under 28 U.S.C. § 1446(b), because it should have been filed, at the latest, no more than thirty days after service of the First Amended Complaint.[5] In addition, even though Plaintiff now does not contest that the jurisdictional minimum is met, Defendants' summary discussion of the jurisdictional amount fails to satisfy their burden of proving all jurisdictional facts and of establishing their right of removal.

## Conclusion

For all of the reasons stated above, the Court concludes that Plaintiff Serrano's motion for remand should be granted and that this case should be remanded to the First Judicial District Court for the County of Rio Arriba in the State of New Mexico.

IT IS THEREFORE ORDERED that Plaintiff Serrano's Motion to Remand Suit to New Mexico State Court [doc. no. 4] is GRANTED, and that this matter is REMANDED to the First Judicial District Court for the County of Rio Arriba in the State of New Mexico.

IT IS FURTHER ORDERED that the parties bear their own costs and fees.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[5] The Court recognizes that discovery responses can constitute "other papers" within the meaning of 28 U.S.C. § 1446(b), thereby allowing a defendant to remove an action within thirty days after receipt of such discovery. *See* Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992), *cert. denied*, 507 U.S. 967 (1993). However, this is true only when those "other papers" allow a defendant to "first ascertain" a case's removability. 28 U.S.C. § 1446(b). Here, the Court concludes that this case's removability could have been ascertained before receipt of the medical bills in question.